

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-20-00052-CR

———————————————————

JORDAN TAYLOR HOLLAND, Appellant

V.

THE STATE OF TEXAS

———————————————————

On Appeal from the 90th District Court
Young County, Texas
Trial Court No. 11134

———————————————————

Before Wallach, J.; Sudderth, C.J.; and Kerr, J.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Appellant Jordan Taylor Holland appeals from his conviction and sentence for third-degree felony assault, enhanced to a second-degree felony. Because we agree with Appellant's appointed appellate counsel that no arguable grounds for appeal exist, we affirm.

Appellant pled guilty without a plea bargain to the third-degree felony of assault of a family member by impeding breath or circulation. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2)(B); *see also* Tex. Fam. Code Ann. § 71.003 (including parents of the same child in definition of family). The trial court accepted Appellant's guilty plea after admonishing him. Appellant also pled true to an enhancement allegation, which increased the punishment range for the offense to a second-degree felony. *See* Tex. Penal Code Ann. § 12.42(a). A jury heard punishment evidence, most of which concerned the circumstances of the charged offense. The jury assessed Appellant's punishment at fifteen years' confinement and a $3,500 fine; it also found that Appellant had used his hands as a deadly weapon. The trial judge sentenced Appellant in accordance with the jury's verdict, and Appellant appealed.

Appellant's appointed appellate counsel has filed a motion to withdraw and a brief complying with *Anders v. California*, representing that there is nothing in the record that might arguably support this appeal. 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no

arguable grounds for relief. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). Appellant had the opportunity to file a pro se response to the *Anders* brief but did not do so; likewise, the State did not file a brief.

After an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record before us that arguably might support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). We therefore grant counsel's motion to withdraw and affirm the trial court's judgment.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 8, 2021